Liu v. Barr

BIA
Douchy, IJ
A205 804 265

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand twenty.

PRESENT:
> ROSEMARY S. POOLER,
> REENA RAGGI,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

JINLONG LIU,
> *Petitioner,*

v.                                          18-1823
                                            NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Thomas V. Massucci, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Paul Fiorino,
                         Senior Litigation Counsel; Andrew
                         B. Insenga, Trial Attorney, Office
                         of Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jinlong Liu, a native and citizen of the People's Republic of China, seeks review of a May 25, 2018, decision of the BIA affirming a July 6, 2017, decision of an Immigration Judge ("IJ") denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jinlong Liu,* No. A205 804 265 (B.I.A. May 25, 2018), *aff'g* No. A205 804 265 (Immig. Ct. N.Y. City July 6, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). The agency did not err in concluding that Liu failed to satisfy his burden of proving a well-founded fear of future persecution in China on account of his practice of Christianity.

Absent past persecution, an alien may establish

eligibility for asylum by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008). To do so, an applicant must show either a reasonable possibility that he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting similarly situated individuals. 8 C.F.R. § 1208.13(b)(2)(iii); *Hongsheng Leng*, 528 F.3d at 142. "[A]n alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng*, 528 F.3d at 143.

As an initial matter, we find no merit to Liu's arguments that the IJ applied an incorrect burden of proof, mischaracterized his claim, and ignored his fear that he will be persecuted for proselytizing in China. The IJ explicitly set forth the correct well-founded fear standard and recognized that Liu's claim was based on his assertion that he would proselytize as well as attend an underground church in China.

The agency did not err in finding that Liu failed to establish a well-founded fear of persecution because he did not demonstrate that Chinese officials are aware or likely to become aware of his religious activities. At his hearing,

Liu admitted that Chinese officials do not know about his religious practice. As to whether Chinese officials are likely to discover his religious activities, Liu testified that that he would attend an unregistered Christian church in China and spread the gospel, and he speculated that nonbelievers would report him to government officials. Liu did not testify that he knew anyone who had such an experience, and he admitted that he did not know of anyone by name who had been persecuted in his hometown. Further, the agency reasonably declined to credit Liu's mother's unsworn letter because the letter was written by an interested witness who was not available for cross-examination. *See Y.C.*, 741 F.3d at 334. Regardless, the letter claimed that unnamed Christians were detained and beaten but provided no details from which to conclude that Liu's religious practice would likely be discovered. And, as the IJ noted, the State Department's International Religious Freedom Report provides that there are 68 million Christians in China and that approximately 45 million of them practice in unregistered churches. Given Liu's purely speculative testimony that officials will likely discover his religious practice and the fact that there are tens of millions of Christians practicing in unregistered churches in China, Liu did not demonstrate

that Chinese officials are likely to discover his religious practice as required to state an objectively reasonable fear of being singled out for persecution. *See Hongsheng Leng*, 528 F.3d at 143; *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best.").

The agency also did not err in determining that Liu failed to establish a pattern or practice of persecution of similarly situated individuals. The IJ acknowledged that the country conditions evidence demonstrated that Chinese government officials restrict religious activities and harass, detain, and sentence religious practitioners in some areas of China. As the IJ noted, however, the country conditions evidence also provides that Christians practice their religion without government interference in some areas of the country. The IJ also reasonably relied on the fact that none of the evidence mentions any incidents of harm befalling Christians in Liu's home province of Fujian. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 143, 149 (2d Cir. 2008) (finding no error in the agency's requirement that an applicant demonstrate a well-founded fear of persecution specific to his or her local area when persecutory acts vary

5

according to locality).  Given that restrictions on Christian activities varied by region, the agency did not err in determining that Liu failed to demonstrate "systemic or pervasive" persecution of similarly situated Christians sufficient to demonstrate a pattern or practice of persecution.  *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see also* 8 C.F.R. § 1208.13(b)(2)(iii).

Accordingly, the agency did not err in concluding that Liu failed to establish a well-founded fear of persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Hongsheng Leng*, 528 F.3d at 142–43.  That finding was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate.  *Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court